## LONGMORE v. STEGALL.

The evidence for the claimant was to the effect that the land levied on had been purchased and paid for by her with her own funds. The evidence for the plaintiff in fi. fa. tended to show that the defendant had a bond for titles to the land; that the plaintiff's money was advanced on the faith thereof, and used partly in paying the purchase-money and partly in making improvements thereon; that other payments were made out of the defendant's salary; that he was insolvent; and that having the deed made to his wife was a voluntary conveyance by an insolvent. The evidence being conflicting, and sufficient to sustain a verdict finding the land subject, and the verdict having been approved by the trial judge, this court will not interfere with his refusal to grant a new trial.

Argued November 15, — Decided December 10, 1904.

Levy and claim. Before Judge Fite. Bartow superior court. January 27, 1904.

Stegall obtained judgment against A. Longmore on an attachment. It was levied on a lot of land in Emerson, Georgia. Mrs. Ellen Longmore, the wife of the defendant, filed a claim. It appeared that the debt of Stegall arose in 1888, at a time when A. Longmore had a bond for titles to the land in controversy; and according to the testimony for the plaintiff, the money had been advanced by him in order to enable the defendant to make improvements on the lot. It also appeared that when the defendant came to Emerson, shortly before the loan, he stated that he had recently failed in business; and there was also evidence sufficient to warrant the finding that he was insolvent. The testimony for the claimant tended to show that she was a non-resident; that when her husband came to Emerson it was understood that he was to contract for her for a lot; that he negotiated the purchase of the land in controversy; that the bond for titles as originally drawn was in the name of Mrs. Longmore, but, because she was absent and could not sign the purchase-money note, he himself signed the note and took the bond in his name. The evidence was directly conflicting as to who paid for the land. The evidence for the claimant was to the effect that she had done so with her own money, and that therefore, and in execution of the original understanding, the deed was made to her when the purchase-price was finally paid. On the contrary the evidence for the plaintiff tended to establish that part of his advance and

part of Longmore's salary went to pay the purchase-price. There was some evidence as to statements by Longmore indicating an intent to hinder creditors.

*T. C. Milner* and *J. H. Wikle*, for plaintiff in error.

*Thomas W. Milner & Sons*, contra.

LAMAR, J. (After stating the foregoing facts.) From the statement of facts it will be seen that the case in its last analysis involved the question as to whether having the deed made to the wife was a gift by an insolvent, leaving the land subject to his debts. The evidence in her favor was very strong and circumstantial, and would have sustained a verdict in her favor. That for the plaintiff in fi. fa., however, was in direct conflict with that for the claimant, and sufficient to sustain a verdict finding the land subject. There is no error of law assigned. The verdict has been approved by the trial judge, and this court will not interfere with his judgment in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*